## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSE DEJESUS               :
                        :
          Plaintiff,         :
                        :
        v.                   :          No. 07-cv-1803
                        :
MICHAEL J. ASTRUE,       :
Commissioner of Social Security,   :
                        :
          Defendant.       :

### ORDER

AND NOW, this ___29th_____ day of September, 2008, it is **ORDERED** that upon consideration of the Request for Review of the final decision of the Commissioner of Social Security filed pursuant to 42 U.S.C. § 405(g), the Magistrate Judge's Report and Recommendation (Doc. #20) is **ADOPTED** and the case is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.[1]

s/Anita B. Brody

_____

ANITA B. BRODY, J.

---

[1] On September 24th, 2008, defendant filed objections to the Report and Recommendation issued by Magistrate Judge Hey on September 11th. Defendant is correct that a reviewing court cannot consider evidence which was not submitted to the ALJ at the time of her decision. Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). Although Judge Hey does mention evidence regarding plaintiff's fibromyalgia diagnosis that was not presented to the ALJ, she also relies on evidence that was presented to the ALJ (yet the ALJ did not acknowledge the fibromyalgia diagnosis) in concluding that the case should be remanded for further consideration. Furthermore, defendant does not respond to Judge Hey's separate conclusion that the ALJ did not acknowledge plaintiff's sleep apnea diagnosis in the ALJ's assessment, which was also part of Judge Hey's decision to remand. Lastly, defendant objects to Judge Hey's recommendation of a consultive physical examination. As Judge Hey points out, it is within the discretion of the ALJ whether to order a consultive examination. Reid v. Astrue, 2008 WL 2165100, at *4 (E.D.Pa. May 23, 2008). Judge Hey remanded this case for consideration of plaintiff's fibromyalgia and sleep apnea diagnoses, the limitations these impose, and for further VE testimony; she then merely expressed her belief that such an examination would be appropriate given the facts in this case and the applicable regulations and should occur before further administrative review of the case.

Copies **VIA ECF** on _____ to:          Copies **MAILED** on _____ to: